## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ORTIZ & ASSOCIATES | ) | |
| CONSULTING, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 6:21-cv-01178 |
| v. | ) | |
| | ) | |
| RICOH USA, INC. | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Ortiz & Associates Consulting, LLC ("Ortiz") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,549,285 ("the '285 patent") (referred to as the "Patent-in-Suit") by Ricoh USA, Inc. ("Ricoh").

## I.    THE PARTIES

1.   Plaintiff Ortiz is a New Mexico Limited Liability Company with its principal place of business located in Albuquerque, NM.

2.   On information and belief, Ricoh is a corporation existing under the laws of the State of Delaware, with a regular and established place of business located at 130 Ralph Ablanedo Dr #D, Austin, TX 78748. On information and belief, RICOH sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant may be served through its registered agent THE CORPORATION TRUST COMPANY CORPORATION TRUST CENTER 1209 ORANGE ST WILMINGTON DE 19801 or anywhere they may be found.

## II.        JURISDICTION AND VENUE

3.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.       INFRINGEMENT

### A.  Infringement of the '285 Patent

6.   On January 17, 2017, U.S. Patent No. 9,549,285 ("the '285 patent", attached as Exhibit A) entitled "Systems, Methods and Apparatuses fo Brokering Data Between Wireless Devices, Servers and Data Rendering Devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Ortiz owns the '285 patent by assignment.

7.   The '285 patent relates to a novel and improved system for secure communication over a public network.

8.   RICOH maintains, operates, and administers systems and servers, that infringe one or more claims of the '285 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9.   Support for the allegations of infringement may be found in the following preliminary table:

| US9549285 B2 Claim 1 | Ricoh: IM C2000/C2500/C3000/C3500/C4500/C5500/C6000 series |
|---|---|
| 1. A system for rendering data provided via a data communications network at the request of a wireless device, comprising: | NEW COPIERS & MFP'S, RICOH **RICOH IM C2000, IM C2500, IM C3000, IM C3500, IM C4500, IM C5500 & IM C6000** Copyright © 2018, 2019, 2020, 2021 <https://www.bluebox.co.uk/product/ricoh-im-c2000-im-c2500-im-c3000-im-c3500-im-c4500-im-c5500-im-c6000/> Ricoh: IM C2000/C2500/C3000/C3500/C4500/C5500/C6000 series is a system for rendering data provided via a data communications network at the request of a wireless device. The reference includes subject matter disclosed by the Claim 1s of the patent after the priority date. The venue of the company is: ZZZ |

| US9549285 B2 Claim 1 | Ricoh: IM C2000/C2500/C3000/C3500/C4500/C5500/C6000 series |
|---|---|
| a server in communication with at least one data rendering device (DRD), said at least one DRD including a user interface for receiving passcodes, the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device (WD) for rendering of the data at the at least one DRD in response to a passcode associated with said WD being entered at the user interface; | <br><br>• You can print photographs and files that are stored in a mobile device on the machine.<br>• You can copy or scan data with the scan settings stored in the mobile device.<br>• You can store the data scanned on the machine in a mobile device.<br>• You can operate the machine from a mobile device to send data by e-mail or fax.<br>• You can also print the data stored in cloud services such as RICOH e-Sharing Box, Google Drive, or Dropbox.<br>• Touch the NFC tag of the machine with a smart device to enter the password for printing a confidential document or document that is specified with a password. This function is available on machines implemented with RICOH Always Current Technology v1.2 or later.<br><br><http://support.ricoh.com/bb_v1oi/pub_e/oi_view/0001077/0001077458/view/intro/int/connector.htm><br><br>The reference describes a server in communication with at least one data rendering device (DRD), said at least one DRD including a user interface for receiving passcodes, the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device (WD) for rendering of the data at the at least one DRD in response to a passcode associated with said WD being entered at the user interface. |

| US9549285 B2 Claim 1 | Ricoh: IM C2000/C2500/C3000/C3500/C4500/C5500/C6000 series |
|---|---|
| memory in said server accessible by said DRD, said memory for securely storing data received by or on behalf of said WD and said passcode associated with said WD; and | **Storing Documents to Print in the Machine**<br><br>You can store a document on the hard disk of the machine and print it from the control panel later.<br><br><http://support.ricoh.com/bb_v1oi/pub_e/oi_view/0001077/0001077458/view/printer/int/stored.htm><br><br>The reference describes memory in said server accessible by said DRD, said memory for securely storing data received by or on behalf of said WD and said passcode associated with said WD. |



These allegations of infringement are preliminary and are therefore subject to change.

10. RICOH has and continues to induce infringement. RICOH has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services such as to cause infringement of one or more of claims 1–13 of the '285 patent, literally or under the doctrine of equivalents.   Moreover, RICOH has known of the '285 patent and the technology underlying it from at least the filing date of this lawsuit.[1]

11. RICOH has and continues to contributorily infringe. RICOH has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services such as to cause infringement of one or more of claims 1–13 of the '285 patent, literally or under the doctrine of equivalents.   Moreover, RICOH

---

[1] Plaintiff reserves the right to amend the date of knowledge in discovery.

has known of the '285 patent and the technology underlying it from at least from the filing date of this lawsuit.[2]

12. RICOH has caused and will continue to cause DatRec damage by direct and indirect infringement of (including inducing infringement of) the claims of the '285 patent.

### IV.    JURY DEMAND

DatRec hereby requests a trial by jury on issues so triable by right.

### V.    PRAYER FOR RELIEF

WHEREFORE, DatRec prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the '285 patent;

b.    award DatRec damages in an amount sufficient to compensate it for Defendant's infringement of the '285 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award DatRec an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award DatRec its attorneys' fees, expenses, and costs incurred in this action;

e.    declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.    a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and

---

[2] Plaintiff reserves the right to amend the date of knowledge in discovery.

subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.    award DatRec such other and further relief as this Court deems just and proper.


Respectfully submitted,

**Ramey & Schwaller, LLP**

_____
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Ortiz & Associates Consulting, LLC***