**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ORTIZ & ASSOCIATES** | § | |
| **CONSULTING, LLC,** | § | |
| | § | **Case No. 6:21-cv-01178-ADA** |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **RICOH USA, Inc.,** | § | |
| | § | |
| **Defendant.** | | |

**DEFENDANT RICOH USA, INC.'S MOTION TO DISMISS FOR LACK OF STANDING
AND FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................ 1

II.    STATEMENT OF FACTS ........................................................................... 1

III.   LEGAL STANDARD .................................................................................. 3

    A.    Dismissal Under Rule 12(b)(1) ...................................................... 3

    B.    Dismissal Under Rule 12(b)(6) ...................................................... 4

          1.    Properly Pleading Indirect Infringement ........................... 5

          2.    Properly Pleading Willful Infringement ............................ 5

IV.   ARGUMENT ............................................................................................... 6

    A.    Ortiz's Claims Should Be Dismissed for Lack of Standing ................ 6

    B.    Ortiz's Complaint Fails to Plausibly Plead Any Cause of Action ........ 7

          1.    Ortiz's Direct Infringement Claim Should be Dismissed ........ 7

          2.    Ortiz's Induced Infringement Claim for Should Be Dismissed ....... 9

          3.    Ortiz's Contributory Infringement Claims for the '285 Patent Should Be Dismissed ............................... 11

          4.    Ortiz's Willful Infringement Claims for the '285 Patent Should Be Dismissed ................................ 12

V.    CONCLUSION ........................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ................................10, 11

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-cv-0702-XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011)..............................10

*Aguirre v. Powerchute Sports, LLC*,
   No. SA–10–CV–702–XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011)..............................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................4, 8, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................4, 7, 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)................................................................................11

*Castlemorton Wireless, LLC v. Bose Corp.*,
   No. 6:20-cv-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020)............................10

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018)................................4

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)...........................................................................................11

*De La Vega v. Microsoft Corp.*,
   No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)..........................7

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006)..............................................................................5, 10

*Enzo APA & Son, Inc. v. Geapag A.G.*,
   134 F.3d 1090 (Fed. Cir. 1998)..................................................................................3

*Fernandez–Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) .....................................................................................4

*Flores v. Pompeo*,
   936 F.3d 273 (5th Cir. 2019) .....................................................................................2

i

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)................................................................4

*Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*,
No. 7:19-cv-00026, 2019 WL 3818049 (W.D. Tex. June 13, 2019)........................13

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)............................................................5

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*,
93 F.3d 774 (Fed. Cir. 1996)...............................................................3

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016)...............................................................6, 14

*Inhale, Inc v. Gravitron, LLC*,
1:18-cv-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ....................5, 13

*Iron Oak Tech., LLC v. Dell, Inc.*,
No. 1:17-cv-999-RP, 2018 WL 1631396 (W.D. Tex. Apr. 4, 2018)........................12

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) .................4, 10

*Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*,
No. 1:14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ................5, 12

*Lans v. Digital Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001)...........................................................3

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)..................................................................3, 6

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
831 F.3d 1275 (Fed. Cir. 2017)..........................................................12

*Meraz v. M. Susan Rice, P.C.*,
No. SA-09-CA-138-OG, 2009 WL 10669232 (W.D. Tex. May 15, 2009)..........................1

*Paradise Creations, Inc. v. UV Sales, Inc.*,
315 F.3d 1304 (Fed. Cir. 2003)...........................................................3

*Parity Networks, LLC v. Cisco Sys., Inc.*,
No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)...............4, 6, 14

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
843 F.3d 1315 (Fed. Cir. 2016)..........................................................11

*Robinson v. TCI/US West Communs.*,
    117 F.3d 900 (5th Cir. 1997) ....................................................................2

*Ruiz v. Brennan*,
    851 F.3d 464 (5th Cir. 2017) ....................................................................2

*Valinge Innovations AB v. Halstead New England Corp.*,
    No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) .....................6

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016)............................................................12, 13

**Rules and Statutes**

35 U.S.C. § 271(a) ..........................................................................................13

35 U.S.C. § 271(b) ............................................................................................5

35 U.S.C. § 271(c) ............................................................................................5

35 U.S.C. § 284 ................................................................................................5

37 CFR § 1.362 ................................................................................................2

Fed. R. Civ. P. 12(b)(1)......................................................................................1

Fed. R. Civ. P. 12(b)(6)......................................................................................1

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Ricoh USA, Inc. ("Ricoh") moves to dismiss Plaintiff Ortiz & Associates Consulting, LLC's ("Ortiz") claims in its Original Complaint for Patent Infringement ("Complaint"). Dkt. 1. This motion to dismiss suspends the time to respond to the entire Complaint. *Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1-2 (W.D. Tex. May 15, 2009).

## I.   INTRODUCTION

Ortiz accuses Ricoh of infringing a single patent: U.S. Patent No. 9,549,285 (the "'285 Patent"). In particular, Ortiz's Complaint asserts direct, indirect, and willful infringement of the '285 Patent. But, Ortiz lacked standing to assert the '285 Patent as of the date it filed the Complaint, as it did not own the Patent at that time. And even if it had standing, Ortiz's claims for patent infringement are insufficiently pled. Its claims for direct infringement are fatally flawed for failing to satisfy the *Iqbal/Twombly* pleading standard and its indirect infringement claims lack any requisite plausible factual allegation concerning Ricoh's knowledge of the '285 Patent or the other elements required to plead indirect infringement. Further, Ortiz's willful infringement claims lack **any** factual allegations at all and are only included in the prayer for relief. As a result, respectfully, the Court should dismiss these claims under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   STATEMENT OF FACTS

The '285 Patent issued on January 17, 2017 and was assigned to Luis M. Ortiz. Complaint, Ex. A. On November 18, 2021, **after the November 12, 2021 filing of the Complaint**, Luis M. Ortiz assigned the '285 Patent to Ortiz. Attached as Exhibit A to the supporting Barker Declaration is a copy of the publicly-available USPTO assignment records documenting this assignment, along

with a copy of the assignment itself as Exhibit B.[1]  As reflected in Exhibit B, the assignment was signed on November 18, 2021, was recorded on that same date, and provides for no retroactive ownership of the '285 Patent.  Moreover, Luis M. Ortiz is not a party to this lawsuit. Complaint at 1.  Accordingly, Ortiz was not the owner of the '285 Patent at the time of filing the Complaint.

Still further, the '285 Patent expired on February 21, 2021 for failure to pay maintenance fees under 37 CFR § 1.362. Attached as Exhibit C to the Barker Declaration is a screenshot from the publicly-available website of the USPTO showing the relevant payment of fees and the fact that the fee for the "3.5 Year" window was not paid, resulting in the expiration of the '285 Patent.

In any event, Ortiz filed the Complaint on November 12, 2021, accusing Ricoh of directly, indirectly, and willfully infringing the '285 Patent. For direct infringement, Ortiz alleges:

> RICOH maintains, operates, and administers systems and servers, that infringe one or more claims of the '285 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

Complaint ¶ 8. Ortiz purports to support these allegations with a claim chart. *Id*. at 4–6. However, this claim chart contains nothing but screenshots of Ricoh's website and documents, links to where these materials can be found, and conclusory statements that "[t]he reference describes" the verbatim language of the claim. *Id*.

---

[1] Courts may take judicial notice of matters of public record when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). Additionally, "[a] district court may dispose of a motion to dismiss for lack of subject matter jurisdiction based 'on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (quoting *Robinson v. TCI/US West Communs.*, 117 F.3d 900, 904 (5th Cir. 1997)).

The Complaint's allegations for induced and contributory infringement are two identical paragraphs, except for two words in the first sentence of each paragraph. *Id*. ¶¶ 10 ("RICOH has and continues to ***induce infringement***.") (emphasis added), 11 ("RICOH has and continues to ***contributorily infringe***.") (emphasis added). Neither paragraph provides factual support for Ricoh's purported knowledge of the '285 Patent or the required elements for induced and contributory infringement.

Ortiz's willful infringement claim appears only in the Prayer for Relief. *Id*. § V.e (seeking treble damages). The body of the Complaint contains no facts supporting this request or addressing the elements of willful infringement.

## III. LEGAL STANDARD

### A. Dismissal Under Rule 12(b)(1)

A party invoking federal jurisdiction bears the burden of showing that it has standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[S]tanding is to be determined as of the commencement of suit." *Id*. at 571 n.5. "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent ***at the inception of the lawsuit***." *Paradise Creations, Inc. v. UV Sales, Inc*., 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original) (citing *Lans v. Digital Equip. Corp*., 252 F.3d 1320, 1328 (Fed. Cir. 2001) (holding that the appellant did not have standing, because he had already assigned title to the patent at the inception of the lawsuit); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998) (holding that a licensee lacked standing where there was no written transfer of rights under the patent at the time the infringement claims were brought and stating that, "[a]s a general matter, parties should possess rights before seeking to have them vindicated in court"); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 778 (Fed. Cir. 1996) (holding that the plaintiff's patent and trademark infringement claims were required to be dismissed for lack of

standing, because of its "inability to prove that it was the owner of the Intellectual Property at the time the suit was filed"), as amended on rehearing on different grounds, 104 F.3d 1296 (Fed. Cir. 1996))).

### B.      Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines 'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)) (alterations in original). "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)) (report and recommendation). This standard—also known as the *Iqbal*/*Twombly* pleading standard—applies to direct, indirect, and willful infringement allegations. *See Chapterhouse, LLC v. Shopify,*

*Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing direct infringement allegations for not meeting the *Iqbal/Twombly* pleading standard); *Joao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1:14-cv-134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) ("[T]he general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.") (internal citation omitted); *Inhale, Inc v. Gravitron, LLC*, 1:18-cv-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (applying the Iqbal/Twombly pleading standard to willful infringement).

### 1.   *Properly Pleading Indirect Infringement*

Under 35 U.S.C. §§ 271(b) and (c), a defendant may be found to be an indirect infringer if it induces or contributes to the infringement of a third party. To properly plead induced infringement under 35 U.S.C. § 271(b), a complaint "must allege facts showing that [a defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). To properly plead contributory infringement under 35 U.S.C. § 271(c), a complaint must allege facts plausibly showing that the accused infringer sells within or imports into the United States a component of a patented apparatus or one for use in practicing a patented process and: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

### 2.   *Properly Pleading Willful Infringement*

Section 284 of the Patent Act allows a patentee to seek enhanced damages. 35 U.S.C. § 284 (a Court may "increase the damages up to three times the amount found or assessed"). The Supreme Court has explained that willfulness, and the resulting enhanced damages, should be

limited to "egregious cases of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Whether the alleged infringement is egregious enough to justify enhanced damages turns on an assessment of the accused infringer's state of mind. *See id.* at 1933 ("culpability is generally measured against the knowledge of the actor at the time of the challenged conduct").

A claim of willful infringement is a serious charge. It accuses a defendant of conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed— characteristic of a pirate." *Id.* at 1932. Accordingly, a claim of willful infringement cannot be pleaded in a perfunctory manner with mere boilerplate allegations. To state a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at \*3 (quoting *Valinge Innovations AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at \*13 (D. Del. May 29, 2018)).

## IV.    ARGUMENT

### A.    Ortiz's Claims Should Be Dismissed for Lack of Standing

Ortiz was not the owner of the '285 Patent when it filed this lawsuit on November 12, 2021. At that time, the '285 Patent was assigned to Luis M. Ortiz. Barker Decl., Exs. A, B. Mr. Ortiz is not a party to this lawsuit. Complaint at 1. A plaintiff, like Ortiz, must have standing at the inception of the lawsuit. *Lujan*, 504 U.S. at 571 n.5 ("[S]tanding is to be determined as of the commencement of suit."). While Ortiz asserts in the Complaint that "Ortiz owns the '285 patent by assignment," its assertion is contradicted by the public record. Luis M. Ortiz did not grant

ownership of the '285 Patent to the Plaintiff Ortiz until after Ortiz filed the lawsuit. Barker Decl., Exs. A, B.

Ortiz's lack of ownership of the '285 Patent dooms its lawsuit against Ricoh and the Complaint should be dismissed for this reason alone.

### B.    Ortiz's Complaint Fails to Plausibly Plead Any Cause of Action

Even if Ortiz had standing to assert the '285 Patent at the inception of this lawsuit, its Complaint fails to plausibly plead any cause of action for infringement because its claims of direct, indirect, and willful infringement do not satisfy the *Iqbal/Twombly* standard.

#### 1.    Ortiz's Direct Infringement Claim Should be Dismissed

Ortiz does not plausibly explain how Ricoh directly infringes the '285 Patent. The Complaint's only factual support for Ortiz's direct infringement allegations is a threadbare claim chart, containing nothing more than screenshots of Ricoh's website and documents and conclusory statements that "[t]he reference describes" the verbatim claim language. Complaint at 4–6. When a complaint fails to explain ***how*** the defendant is alleged to have directly infringed the patent, "either repleading or dismissal is necessary." *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020) (claims of direct infringement were deficient "[b]ecause the Original Complaints were completely silent how Microsoft and Google could have directly infringed claim 1") (emphasis added) (citing *Twombly*, 550 U.S. at 555). As discussed in detail below, the claim chart does not explain how Ricoh directly infringed the '285 Patent because it fails to identify where several limitations are found in Ricoh's products.

Ortiz's Complaint contains no facts supporting the allegation that Ricoh's products satisfy Claim 1's limitation reciting "a server in communication with at least one data rendering device ("DRD"), . . . the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device ("WD") for rendering of the data at

the at least one DRD . . ..." '285 Patent at cl. 1. The claim chart cites a portion of a document, (Complaint at 5), but it is unclear what Ortiz considers to be "a server" because the chart does not address this claim limitation. While Ricoh disagrees with Ortiz's infringement theories, it appears that Ortiz maps a Ricoh multifunction printer ("MFP") to the claimed "data rendering device" and a user's wireless device to the claimed "wireless device," but there is no other hardware identified in the claim chart that could be the "server." *Id.* Conclusory recitations of claim language, like those included for each of the claim limitations in the claim chart, do not constitute "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 (stating a claim "requires more than labels and conclusions").

Even giving Ortiz the benefit of the doubt that the unidentified hardware shown in the screenshot (identified by the blue box in the annotated figure below), is the claimed "server," Ortiz has another problem.



Complaint at 5. Claim 1 also recites "***memory in said server*** accessible by said DRD . . .." '285 Patent at cl. 1 (emphasis added). The claim chart includes a screenshot stating "You can store a document ***on the hard disk of the machine***." Complaint at 5 (emphasis added). Here, "the machine" refers to a Ricoh MFP. But this is problematic for Ortiz because this alleged "memory" is in the alleged "data rendering device" ***not*** "in said server." This cannot be because then the Ricoh MFP would be ***both*** the claimed "server" and the claimed "data rendering device."

For at least these reasons, there is nothing in the Complaint that plausibly states how any Ricoh MFP satisfies the claim limitations. As such, the direct infringement allegations should be dismissed.

### 2.     *Ortiz's Induced Infringement Claim for Should Be Dismissed*

Ortiz fails to properly plead induced infringement because it includes no plausible facts asserting that Ricoh knew of the '285 Patent before Ortiz filed the Complaint or that the other elements of induced infringement are present. Ortiz's entire allegations for induced infringement of the '285 Patent is presented below:

> RICOH has and continues to induce infringement. RICOH has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services such as to cause infringement of one or more of claims 1–13 of the '285 patent, literally or under the doctrine of equivalents. Moreover, ***RICOH has known of the '285 patent and the technology underlying it from at least the filing date of this lawsuit***.

Complaint ¶ 10 (emphasis added).

Ortiz's assertion is a threadbare conclusion and Ortiz provides no factual basis to support a plausible claim that Ricoh would or should have knowledge of the '285 Patent. *See Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement."). Instead, the Complaint merely alleges that "RICOH has known of the '285 patent and the technology

underlying it from at least the filing date of this lawsuit." Complaint ¶ 10. But case law from this District holds that post-suit knowledge is insufficient to plausibly support indirect and willful infringement allegations. Without adequate allegations of pre-suit knowledge of the asserted patent, courts in this District have dismissed indirect infringement claims. *See Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (dismissing indirect infringement claims because the "complaint does not plead any facts that would support an allegation of pre-suit knowledge"); *Aguirre v. Powerchute Sports, LLC*, No. SA-10-cv-0702-XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (recommending dismissal of indirect infringement because "[t]o the extent [Plaintiff] relies on knowledge of [his] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement").

Additionally, Ortiz fails to provide sufficient allegations for each element required to plead induced infringement. To assert a claim of induced infringement under 35 U.S.C. § 271(b), a Plaintiff must plead that the defendant "(1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med.*, 471 F.3d at 1305). Even if Ortiz had sufficiently plead knowledge of the '285 Patent, the Complaint does not include any factual allegations that Ricoh knew that any action by its customers directly infringed any claim of the '285 Patent or that Ricoh had the intent to induce infringement. These elements are required to successfully plead indirect infringement. *See Iron Oak*, 2017 WL 9477677, at *6 (recommending dismissal of induced infringement claim because the plaintiff "did not provide, nor cite to, sufficient factual content" to state a plausible claim).

- 10 -

Moreover, Ortiz must show direct infringement by a third-party to successfully plead induced infringement. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1331 (Fed. Cir. 2016). As explained above, Ortiz failed to adequate plead direct infringement by either Ricoh or its customers. Section IV.B.1.

Thus, its induced infringement claims should be dismissed.

### 3. Ortiz's Contributory Infringement Claims for the '285 Patent Should Be Dismissed

Ortiz's allegations of contributory infringement fare no better. First, Ortiz's contributory infringement claims should additionally (and independently) be dismissed because the Complaint insufficiently alleges knowledge of the '285 Patent. "Like induced infringement, contributory infringement requires knowledge of the patent in suit . . . ." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Affinity Labs*, 2014 WL 2892285, at *8 ("As with induced infringement, contributory infringement requires that the defendant have knowledge of the existence of the patent that is infringed."). As discussed in Section IV.B.2, Ortiz's pleading of knowledge of the '285 Patent is deficient.

Second, the Complaint fails to plausibly allege that any component sold or imported by Ricoh has no substantial non-infringing uses. "[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement . . . . [w]here the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012). As with its induced infringement allegations, the Complaint is woefully lacking facts related to contributory infringement for the '285 Patent:

> RICOH has and continues to contributorily infringe. RICOH has actively encouraged or instructed others (e.g., its customers and/or the customers of its

- 11 -

> related companies), and continues to do so, on how to use its products and services
> such as to cause infringement of one or more of claims 1–13 of the '285 patent,
> literally or under the doctrine of equivalents. Moreover, RICOH has known of the
> '285 patent and the technology underlying it from at least from the filing date of
> this lawsuit.

Complaint ¶ 11.

Ortiz fails to even pay lip service to whether the accused products have substantial non-infringing uses. *Id.* Because even a conclusory allegation would be insufficient, the ***complete*** lack of ***any*** allegations must be fatal. *See Joao Control*, 2015 WL 3513151, at *5 (general allegation that defendants' "accused products have special features that are specially designed to be used in an infringing way and that have no substantial [non-infringing] uses" is not sufficient); *Iron Oak Tech., LLC v. Dell, Inc.*, No. 1:17-cv-999-RP, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (quoting *Iqbal*, 556 U.S. at 678) (dismissing contributory infringement claims because a "conclusory allegation" that "components provided by" the accused infringer "are not staple articles of commerce suitable for substantial non-fringing use" is "no more than a 'threadbare recital' of one of the elements.").

As such, Ortiz's contributory infringement allegations are insufficient and warrant dismissal.

### 4.    *Ortiz's Willful Infringement Claims for the '285 Patent Should Be Dismissed*

Ortiz's willful infringement claims should also be dismissed because the Complaint fails to allege knowledge of the '285 Patent. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."). As discussed in Section IV.B.2, Ortiz's pleading of knowledge of the '285 Patent is deficient.

The Federal Circuit and this District have similarly held that sufficient allegations of pre-suit knowledge are required to plausibly plead willful infringement. *See Mentor Graphics Corp. v. EVE-USA, Inc.*, 831 F.3d 1275, 1295 (Fed. Cir. 2017) (stating that "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct" because "a patentee must have a good faith basis for alleging willful infringement"); *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 7:19-cv-00026, 2019 WL 3818049, at *5 (W.D. Tex. June 13, 2019) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a specific allegation of pre-suit knowledge of the asserted patents."); *Inhale*, 2018 WL 7324886, at *3 ("Inhale's complaint fails to state a claim for willful infringement because it fails to allege facts raising a plausible inference of Gravitron's pre-suit knowledge of the '563 Patent."). The Complaint does not allege— and there does not exist—any extraordinary circumstances permitting Ortiz to plead willfulness without any adequate allegation of pre-suit knowledge. *See generally Frac Shack*, 2019 WL 3818049, at *5.

Still further, the '285 Patent expired on February 21, 2021. Barker Decl., Ex. C. Thus, at most, Ortiz pleads knowledge of the '285 Patent after it expired. But one cannot infringe expired patents, willfully or otherwise. 35 U.S.C. § 271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.") (emphasis added); *see also*, *WBIP*, 829 F.3d at 1341 ("[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages"). Thus, Ortiz's willful infringement allegation fails to state a claim for relief that is plausible on its face and this claim should also be dismissed.

Additionally, Ortiz asserts **no facts** supporting its willful infringement claims; instead it merely prays for relief that the Court "declare Defendant's infringement to be willful and treble the damages." Complaint § V.e. "To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at *3 (internal quotations omitted). And "a plaintiff should plead willfulness with sufficient articulation of the relevant facts." *Id*. Ortiz's Complaint is silent on each and every one of the required elements for willful infringement. Ortiz failed to plead pre-suit knowledge of the '285 Patent. *See* Section IV.B.2. Ortiz also failed to plausibly plead that Ricoh directly infringed the '285 Patent, much less that Ricoh knew its conduct was infringing. *See* Section IV.B.1.

Enhanced damages for willful infringement "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior" such as behavior "characteristic of a pirate." *Halo Elecs..*, 136 S. Ct. at 1932. Ortiz identifies nothing that supports any argument that Ricoh infringed the '285 Patent, much less that did so egregiously. Ortiz's request for treble damages is groundless, is unsupported by any facts, and should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Ricoh respectfully requests that the Court grant its motion and dismiss Ortiz's claims for lack of standing under Rule 12(b)(1) and for insufficiently pleading direct, induced, contributory, and willful infringement of the '285 Patent under Rule 12(b)(6).

Respectfully submitted,

Dated: February 24, 2022

/s/ Michael V. Solomita
Michael V. Solomita (admitted *pro hac vice*)
New York Bar No. 2881308
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Tel: 212-408-5100
Fax: 212-318-3400
Email: michael.solomita@nortonrosefulbright.com

Valerie K. Barker
Texas Bar No. 24087141
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Tel: 512-536-3073
Fax: 512-536-4598
Email: valerie.barker@nortonrosefulbright.com

*Counsel for Defendant R*ICOH *USA, I*NC.

## CERTIFICATE OF SERVICE

I certify that on February 24, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/  *Michael V. Solomita*
                    Michael V. Solomita