**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ORTIZ & ASSOCIATES CONSULTING, LLC,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 6:21-cv-01178-ADA** |
| **v.** | ) | |
| | ) | |
| **RICOH USA, INC.,** | ) | |
| **Defendant.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR LACK OF STANDING AND FOR FAILURE TO STATE A CLAIM[1]**

Ortiz & Associates Consulting, LLC ("Ortiz") files this Response to Ricoh USA, Inc.'s ("Ricoh") Motion to Dismiss For Lack Of Standing And Failure To State A Claim ("Motion") showing the Court that it should be denied as Ortiz owned the '285 Patent on the date of filing and has sufficiently plead its infringement allegations in the Original Complaint. Plaintiff has also filed First Amended Complaint, ECF. NO. 16, clarifying the language with respect to direct past infringement and withdrawing claims for indirect and willful infringement.

## I.     INTRODUCTION

Ricoh's Motion accusing Ortiz of failing to state a claim has no merit and should be dismissed.  It is undisputed that Ortiz & Associates Consulting, LLC is listed as the assignee on the face of the '285 Patent. Uncontroverted written public evidence, including the '285 Patent and the file history available from the USPTO website both show that Ortiz has continuously owned the patent by assignment from its issue date on January 17, 2017, including on the date of filing of this case.  It is undisputed that Plaintiff Ortiz never assigned or attempted its ownership of the '285

---

[1] Doc. 12 ("Motion").

Patent to Luis M. Ortiz or to anyone else.  Accordingly, Ricoh's alleged post-filing "assignment" by Luis M. Ortiz, who did <u>not</u> own the patent, to Plaintiff Ortiz, who already owned the patent, is nothing more than petty noise and smoke in the mirrors.

Ricoh also impermissibly seeks to turn the pleadings into a claim construction exercise, which, as this Court has cautioned, is inappropriate.[2] Contrary to Ricoh's accusation, Ortiz has sufficiently alleged a legally cognizable and plausible claim for direct infringement.[3] Ortiz has withdrawn claims for indirection and willful infringement in the First Amended Complaint, making Ricoh's arguments concerning these claims moot. However, Ortiz continues to reserve the right to re-assert them in the future if fact discovery supports Ricoh's knowledge prior to patent expiration.[4]

The Court should therefore deny Ricoh's Motion because Ortiz had standing to sue, has plausibly plead direct infringement, and has withdrawn the claims for indirect and willful infringement.

## II.    STATEMENT OF FACTS

Luis M. Ortiz is the inventor of the '285 Patent, as well as the sole owner, agent, and officer of Plaintiff Ortiz & Associates Consulting, LLC.  On October 21, 2015, Luis M. Ortiz filed application No. 14/919,108 which issued as the '285 Patent on January 17, 2017.

Ricoh's allegation that "on January 17, 2017 [ the patent] was assigned to Luis M. Ortiz is [as shown in the] Complaint, Ex. A", is factually incorrect and grossly misrepresenting the document.[5]  On the contrary, the '285 Patent <u>on its face</u> states that the assignee is Ortiz &

---

[2] *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513, at *1 (W.D. Tex. Feb 20, 2022).
[3] Doc. No. 16 at 3-6. (Ortiz has left the preliminary evidence charts in the First Amended Complaint unchanged).
[4] Doc. Nos. 1 and 16 (Ortiz previously reserved the right to amend the Original Complaint for knowledge of the patent based on discovery and continues to reserve this right in the First Amended Complaint).
[5] Motion at 6.

Associates Consulting, LLC and <u>not</u> Luis M. Ortiz: [6]:

> (72)   Inventor:   **Luis M. Ortiz**, Albuquerque, NM (US)
>
> (73)   Assignee:   **Ortiz & Associates Consulting, LLC**, Albuquerque, NM (US)

This is consistent with Ortiz's pleading in the Original Complaint that it owns the '285 patent by assignment.[7] On December 7, 2016, just prior to the issuance of the '285 Patent, Luis M. Ortiz assigned the ownership of the '285 patent to Ortiz & Associates Consulting, LLC via a written and signed acknowledgement that was publicly filed with the United States Patent Office[8]:

On February 21, 2021, the '285 Patent expired due to non-payment of maintenance fees. Thus, from the issuance date of January 17, 2017 through the expiration on February 21, 2021, the '285 Patent has been continuously owned by its assignee, Ortiz & Associates Consulting, LLC.

On November 12, 2021, Ortiz filed the Original Complaint accusing Ricoh of infringement. It is undisputed that there has been no change in the ownership of the '285 Patent from its issuance to the filing date of this case. Accordingly, Ricoh's allegation that "Ortiz was not the owner of the '285 Patent at the time of filing" is plain wrong.[9]

---

[6] Doc. No. 1-1
[7] Doc. No. 1 at paragraph 6.
[8] Exh 1, Decl. of Talanov; Exh. A, Issue Fee Payment transmittal document (form PTO-85B) found within the image file wrapper for the '285 Patent in suit as accessed on the United States Patent and Trademark Office's website at: https://portal.uspto.gov/pair/PublicPair
[9] Motion at 7.

The November 18, 2021 document Ricoh argues to show that Luis M. Ortiz assigned the '285 Patent to Plaintiff Ortiz has no bearing on Plaintiff's standing to sue.  It was executed <u>after</u> Plaintiff Ortiz already owned the patent by assignment, <u>after</u> the patent expiration date, and <u>after</u> the date of filing of this case.  Simply put, Luis M. Ortiz could not have assigned something that he did not own on November 18, 2021. The evidence shows that Plaintiff Ortiz & Associates Consulting, LLC has continuously owned the '285 Patent by assignment since the issue date on January 17, 2017, including on the filing date of this lawsuit.  Thus, Plaintiff Ortiz had proper standing to sue.

Ricoh's accusation that Ortiz's claim chart in support of its allegations is "nothing but screenshots" and "conclusory statements" is also unfounded. On the contrary, Ortiz's claim chart plausibly alleges the claimed elements and show how each claim element is met by the accused Ricoh devices.[10] Ortiz has therefore met its burden to sufficiently plead direct infringement.

Finally, Ricoh's arguments concerning indirect, including induced and contributory, infringement and willful infringement are moot in the light of the First Amended Complaint.[11] Ortiz has withdrawn its claims for indirect and willful infringement at this time while reserving the right to amend to re-allege these claims should the fact discovery support them.[12]

## III.   LEGAL STANDARD

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna*

---

[10] Doc. No. 1 at 4-6 (providing a preliminary evidence chart for the accused Ricoh IM series C2000, C2500, C3000, C3500, C4500, C5500, and C6000 devices against the exemplary claim 1 of the '285 Patent).

[11] Doc. No. 16.

[12] This is consistent with the Court practice to allow plaintiffs to re-assert claim for indirect infringement and/or willfulness in fact discovery supports requisite knowledge of the patent. Standing Order Governing Proceedings (OGP) 4.0 - Patent Cases; *see BillJCo, LLC v. Apple Inc.*, No. 6:21-cv-00528-ADA, 2022 WL 299733 at *9 (W.D. Tex. Feb. 1, 2022) (allowing plaintiff to re-plead contributory and willful infringement claims based on pre-suit knowledge, if able, based on fact discovery).

*Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513, at *1 (W.D. Tex. Feb 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id.* "Courts will not dismiss a claim unless the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint.'" *Id.* (quoting *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)). "Claim construction at the pleading stage – with no claim construction processes undertaken – [is] inappropriate." *Id.* (quoting *In re Bill of Landing Transmission & Process Sys. Pat. Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012) (internal quotations omitted).

## IV.    ARGUMENT

### A.    Ricoh's Motion Should Be Denied Because Ortiz Had Standing To Sue

Ricoh's assertion that "Ortiz was not the owner of the '285 Patent when [Ortiz] files this lawsuit" because the patent was allegedly "assigned to Luis Mr. Ortiz" is factually inaccurate and legally wrong.

First and foremost, Ricoh fails to even acknowledge that Plaintiff Ortiz, and not Luis M. Ortiz, is expressly listed as the assignee on the face of the patent as issued.[13] This fact alone, when viewed in the light most favorable to Plaintiff, sufficiently establishes Plaintiff's standing to sue. *See Luraco Health & Beauty, LLC v. Tran*, Civ. No. 4:19-cv-51-SDJ, 2020 WL 2747233, at *5, 9 (E.D. Tex. May 27, 2020) (denying defendant's motion to strike pleadings for lack of standing and holding that "the name of assignee on the face of the patent [was] enough for the Court to consider that the patent issued to plaintiff).

---

[13] Doc. 1-1.

The patent file history further shows that Ricoh's assertion that Luis M. Ortiz was assigned the patent is factually incorrect. The patent issue fee form which Luis M. Ortiz signed, executed and submitted to the USPTO on December 7, 2016 clearly states that "Ortiz & Associates Consulting, LLC" is the "Assignee" of the patent. Exh. 1, Talanov Decl., Exh. A, Issue Fee Payment. This is fully consistent with and shows USPTO's acknowledgement of the fact that Plaintiff Ortiz was the assignee when the patent issued on January 17, 2017.[14] Thus, uncontroverted evidence shows that Plaintiff Ortiz has owned the patent since its issuance, including on the date of filing of this case.

Ricoh's reliance on Exhibits A and B to its Motion are unavailing. Ricoh admits that both were executed <u>after</u> the date of filing of this case, and thus have nothing to do with Ortiz's standing to sue.[15] Furthermore, Ricoh's alleged assignment has no impact on Ortiz's standing because Luis M. Ortiz did not own the '285 Patent, in November 2021 or any time prior, and therefore <u>could not have</u> assigned it. On the contrary, uncontroverted public documents show that Plaintiff Ortiz has owned the patent since its issuance.  Ricoh's Exhibits A and B at best create a fact issue as to the assignment. But when viewed in the light most favorable to Ortiz, ample evidence shows that Plaintiff Ortiz owned the patent on the filing date.

Accordingly, Ortiz has sufficiently shown it had standing to file this lawsuit as the patent owner by assignment, and Ricoh's Motion should therefore be denied.

### B.  Ricoh's Motion Should Be Denied Because Ortiz Has Plausibly Plead A Claim for Direct Infringement

Ricoh's argument that Ortiz has not sufficiently plead the claim for direct infringement is also unpersuasive. Ricoh's reliance on *De La Vega* misses the mark, as the circumstances in that

---

[14] Doc. No. 1-1.
[15] Motion at 12.

case are inapposite.[16]  In *De La Vega*, the complaint alleged joint infringement by three different actors, and this Court held that plaintiff's allegations did not plausibly support the infringement as plead. *See De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *3-4 (W.D. Tex. Feb. 11, 2020). Moreover, when this Court offered the plaintiff in *De La Vega* an opportunity to amend the complaint, the plaintiff responded, "we can't really replead and do any better." *Id.* at *5 (internal quotations omitted). This Court has expressly refused to extent its holding in *De La Vega* to cases where joint infringement by multiple actors is not alleged. *See Panasonic Corp. v. Magna Int'l., Inc.*, No. 6:21-cv-00319-ADA, 2022 WL 174513, at *5 (W.D. Tex. Jan 20, 2022) (denying 12(b)(6) motion to dismiss for insufficiently pleading infringement allegations). Here, Ortiz likewise has not alleged joint infringement by multiple actors and has plead specific facts to support its allegations of infringement against Ricoh.

Ricoh's allegation that Ortiz's claim chart does not address the claim limitation "server" is wrong.[17] On the contrary, Ortiz's claim chart prepared for the exemplary claim 1 included with both the Original and the First Amended Complaint not only shows the server but specifically circles where it depicted in the screenshot along with the printer (i.e. the "data rendering device" in claim 1):[18]

---

[16] Motion at 12.
[17] Motion at 13.
[18] Doc. No. 1 at 5; Doc. No 16 at 5.



Additionally, Ortiz has underlined in the chart the evidence stating, "the machine" (i.e., the "data rendering device" in claim 1) can be "operated . . . from a mobile device" (i.e. "wireless device" in claim 1) in order to "send data by e-mail or fax."[19] This sentence further shows that a "server" shown in the chart is "in communication with a data rendering device" as required by claim 1.  Thus, Ricoh's complaint that "there is no hardware identified in the claim chart that could be the 'server'" is unfounded as Ortiz has plausibly alleged evidence for this claim limitation.

Ricoh also impermissibly attempts to construe the meaning of the claim terms "server" and "data rendering device".[20]  To that extent, Ricoh argues that the claim limitation "memory in said server" cannot be "on the hard disk in the machine."[21]  As this Court has held, claim construction arguments are improper at the pleading stage. *Panasonic Corp.*, 2022 WL 174513, at *1. The Court should therefore ignore Ricoh's entire argument as improper.

Moreover, Ortiz has met its burden of plausibly alleging the evidence for the claim limitations Ricoh complains are not sufficiently plead.  The claim chart shows how the "memory

---

[19] *Id.*
[20] Motion at 14.
[21] *Id.*

in said server" limitation is met, for example, at least by the following language: "you can store a document on a hard disk on the machine" and "you can store the data scanned on the machine in a mobile device."

Accordingly, it cannot be said that Ortiz's allegations are "threadbare or "nothing more than screenshots of Ricoh's website [and] conclusory statements."[22] The Court should dismiss Ricoh's Motion because Ortiz has plausibly alleged a claim for direct infringement by showing how the evidence in the chart meets each claim element.

### C. Ricoh's Motion With Respect To Indirect and Willful Infringement Should Be Denied As Moot

Ricoh's arguments with respect to indirect and willful infringement are moot because Ortiz has withdrawn these claims in the First Amended Complaint.[23]  However, Ortiz reserves the right to re-plead them in the future if fact discovery supports them, as routinely allowed by this Court.[24] To the extent Ricoh purports to argue that Ortiz cannot re-plead these claims in the future based on lack of requisite direct infringement, Ricoh's argument also fails because Ortiz has sufficiently plead a claim for direct infringement.

### V.    CONCLUSION

For the foregoing reasons, Ortiz respectfully asks the Court to deny Ricoh's Motion to dismiss Ortiz's claims for lack of standing under Rule 12(b)(1) and for insufficient pleading of infringement of the '285 Patent under Rule 12(b)(6). Alternatively, to the extent the Court grants the Motion based on the alleged insufficiency of pleadings, Ortiz asks that the Court does so without prejudice and allows Ortiz to re-plead its claim(s).

---

[22] Motion at 12.

[23] Doc. No. 16.

[24] *See* Standing Order Governing Proceedings (OGP) 4.0 - Patent Cases; *BillJCo, LLC v. Apple Inc.*, No. 6:21-cv-00528-ADA, 2022 WL 299733 at *9 (W.D. Tex. Feb. 1, 2022) (allowing plaintiff to re-plead contributory and willful infringement claims based on pre-suit knowledge, if able, based on fact discovery).

Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey, III
William P. Ramey, III
Texas Bar No. 24027643
Kyril Talanov
Texas Bar No. 24075139
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com
ktalanov@rameyfirm.com

*Attorneys for Ortiz & Associates Consulting, LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of  March 31, 2022, with a copy of the foregoing via email and ECF filing.

/s/ William P. Ramey, III
William P. Ramey, III