# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **ORTIZ & ASSOCIATES** | § | |
| **CONSULTING, LLC,** | § | |
| | § | **Case No. 6:21-cv-01178-ADA** |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **RICOH USA, Inc.,** | § | |
| | § | |
| **Defendant.** | | |

**DEFENDANT RICOH USA, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF STANDING AND FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................. 1

II.     STATEMENT OF FACTS ..................................................................................... 1

III.    LEGAL STANDARD.............................................................................................. 2

        A.      Dismissal Under Rule 12(b)(1)................................................................. 2

        B.      Dismissal Under Rule 12(b)(6)................................................................. 3

IV.     ARGUMENT ......................................................................................................... 4

        A.      Ortiz's Claims Should Be Dismissed for Lack of Standing .................... 4

        B.      Ortiz's Complaint Fails to Plausibly Plead a Cause of Action for Direct
                Infringement............................................................................................. 5

V.      CONCLUSION....................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................... passim

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................... passim

*Chapterhouse, LLC v. Shopify, Inc.*,
  No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018).................................. 4

*De La Vega v. Microsoft Corp.*,
  No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ........................... 5

*Enzo APA & Son, Inc. v. Geapag A.G.*,
  134 F.3d 1090 (Fed. Cir. 1998) ................................................................................................ 3

*Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993) ...................................... 4

*Flores v. Pompeo*,
  936 F.3d 273 (5th Cir. 2019) .................................................................................................... 1

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ..................................................................................................... 4

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*,
  93 F.3d 774 (Fed. Cir. 1996) .................................................................................................... 3

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
  No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ......................................... 4

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001) ................................................................................................ 3

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)............................................................................................................. 2, 4

*Meraz v. M. Susan Rice, P.C.*,
  No. SA-09-CA-138-OG, 2009 WL 10669232 (W.D. Tex. May 15, 2009)............................... 1

*Paradise Creations, Inc. v. UV Sales, Inc.*,
  315 F.3d 1304 (Fed. Cir. 2003) ................................................................................................ 3

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)............................... 4

*Robinson v. TCI/US West Communs.*,
  117 F.3d 900 (5th Cir. 1997) .................................................................................................... 1

*Ruiz v. Brennan*,
  851 F.3d 464 (5th Cir. 2017) .................................................................................................... 1

i

**Rules**

Federal Rules of Civil Procedure 12(b)(1)..................................................................... 1, 7

Federal Rules of Civil Procedure 12(b)(6)..................................................................... 1, 7

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Ricoh USA, Inc. ("Ricoh") moves to dismiss Plaintiff Ortiz & Associates Consulting, LLC's ("Ortiz") claims in its First Amended Complaint for Patent Infringement ("FAC"). Dkt. 16. This motion to dismiss suspends the time to respond to the entire FAC. *Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1–2 (W.D. Tex. May 15, 2009).

## I.    INTRODUCTION

Ortiz accuses Ricoh of infringing a single patent: U.S. Patent No. 9,549,285 (the "'285 Patent"). In particular, Ortiz's FAC asserts only direct infringement of the '285 Patent. But, Ortiz lacked standing to assert the '285 Patent as of the date it filed its Original Complaint ("Original Complaint"), as it did not own the Patent at that time. And even if it had standing, Ortiz's claims for direct patent infringement are fatally flawed for failing to satisfy the *Iqbal*/*Twombly* pleading standard. As a result, respectfully, the Court should dismiss these claims under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   STATEMENT OF FACTS

The '285 Patent issued on January 17, 2017. FAC, Ex. A. On November 18, 2021, ***after the November 12, 2021 filing of the Original Complaint***, Luis M. Ortiz assigned the '285 Patent to Ortiz. Dkt. 12-2 (copy of the publicly-available USPTO assignment records); Dkt. 12-3 (copy of recorded assignment).[1]  Luis M. Ortiz is not a party to this lawsuit and was not when Ortiz filed the Original Complaint. Original Complaint at 1; FAC at 1. As reflected in Dkt. 12-3, the

---

[1] Courts may take judicial notice of matters of public record when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). Additionally, "[a] district court may dispose of a motion to dismiss for lack of subject matter jurisdiction based 'on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (quoting *Robinson v. TCI/US West Communs.*, 117 F.3d 900, 904 (5th Cir. 1997)).

assignment was signed on November 18, 2021, was recorded on that same date, and provides for no retroactive ownership of the '285 Patent. Accordingly, Ortiz was not the owner of the '285 Patent at the time of filing the Original Complaint.

The '285 Patent expired on February 21, 2021 for failure to pay maintenance fees under 37 CFR § 1.362. Dkt. 12-4 (screenshot from the publicly-available website of the USPTO showing the patent status as expired).

Ortiz filed the Original Complaint on November 12, 2021, accusing Ricoh of directly, indirectly, and willfully infringing the '285 Patent. Dkt. 1. After Ricoh filed a motion to dismiss the Original Complaint, Ortiz filed the FAC, removing its claims for indirect and willful infringement, but maintaining its claims of direct infringement. FAC ¶¶ 8–10. For direct infringement, Ortiz alleges:

> RICOH maintained, operated, and administered systems and servers, that infringed one or more claims of the '285 patent, including one or more of claims 1-13, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '285 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

FAC ¶ 8 (footnote omitted). Ortiz purports to support these allegations with a claim chart. *Id*. at 4–6. However, this claim chart contains nothing but screenshots of Ricoh's website and documents, links to where these materials can be found, and conclusory statements that "[t]he reference describes" the verbatim language of the claim. *Id*.

## III.   LEGAL STANDARD

### A.     Dismissal Under Rule 12(b)(1)

A party invoking federal jurisdiction bears the burden of showing that it has standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[S]tanding is to be determined as of the

commencement of suit." *Id.* at 571 n.5. "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent ***at the inception of the lawsuit***." *Paradise Creations, Inc. v. UV Sales, Inc*., 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis in original) (citing *Lans v. Digital Equip. Corp*., 252 F.3d 1320, 1328 (Fed. Cir. 2001) (holding that the appellant did not have standing, because he had already assigned title to the patent at the inception of the lawsuit); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1092 (Fed. Cir. 1998) (holding that a licensee lacked standing where there was no written transfer of rights under the patent at the time the infringement claims were brought and stating that, "[a]s a general matter, parties should possess rights before seeking to have them vindicated in court"); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 778 (Fed. Cir. 1996) (holding that the plaintiff's patent and trademark infringement claims were required to be dismissed for lack of standing, because of its "inability to prove that it was the owner of the Intellectual Property at the time the suit was filed"), as amended on rehearing on different grounds, 104 F.3d 1296 (Fed. Cir. 1996))).

### B.      Dismissal Under Rule 12(b)(6)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First, the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines 'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)) (alterations in original). "Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)) (report and recommendation). This standard—also known as the *Iqbal*/*Twombly* pleading standard— applies to direct infringement allegations. *See Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing direct infringement allegations for not meeting the *Iqbal*/*Twombly* pleading standard).

## IV.   ARGUMENT

### A.   Ortiz's Claims Should Be Dismissed for Lack of Standing

Ortiz was not the owner of the '285 Patent when it filed this lawsuit on November 12, 2021. At that time, the '285 Patent was assigned to Luis M. Ortiz. Dkt. 12-2; Dkt. 12-3. Mr. Ortiz is not a party to this lawsuit. FAC at 1. A plaintiff, like Ortiz, must have standing at the inception of the lawsuit. *Lujan*, 504 U.S. at 571 n.5 ("[S]tanding is to be determined as of the commencement of suit."). While Ortiz asserts in the FAC that "Ortiz owns the '285 patent by assignment," its assertion is contradicted by the public record. Luis M. Ortiz did not grant ownership of the '285 Patent to the Plaintiff Ortiz until after Ortiz filed the lawsuit. Dkt. 12-2; Dkt. 12-3. Thus, there was no assignment from the inventor of the '285 Patent to Ortiz until after Ortiz filed this lawsuit.

Ortiz's lack of ownership of the '285 Patent dooms its lawsuit against Ricoh and the Complaint should be dismissed for this reason alone.

**B.    Ortiz's Complaint Fails to Plausibly Plead a Cause of Action for Direct Infringement**

Even if Ortiz had standing to assert the '285 Patent at the inception of this lawsuit, its FAC fails to plausibly plead a cause of action for direct infringement because its claim does not satisfy the *Iqbal/Twombly* standard.

The FAC's only factual support for Ortiz's direct infringement allegations is a threadbare claim chart, containing nothing more than screenshots of Ricoh's website and documents and conclusory statements that "[t]he reference describes" the verbatim claim language. FAC at 4–6. When a complaint fails to explain ***how*** the defendant is alleged to have directly infringed the patent, "either repleading or dismissal is necessary." *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020) (claims of direct infringement were deficient "[b]ecause the Original Complaints were completely silent how Microsoft and Google could have directly infringed claim 1") (emphasis added) (citing *Twombly*, 550 U.S. at 555). As discussed in detail below, the claim chart does not explain how Ricoh directly infringed the '285 Patent because it fails to identify where several limitations are found in Ricoh's products.

Specifically, Ortiz's FAC contains no facts supporting the allegation that Ricoh's products satisfy Claim 1's limitation reciting "a server in communication with at least one data rendering device ("DRD"), . . . the DRD registered with said server to access and receive data over a data communications network at the request of a wireless device ("WD") for rendering of the data at the at least one DRD . . . ." '285 Patent at cl. 1. The claim chart cites a portion of a document, (FAC at 5), but the claim chart fails to address what Ortiz considers to be "a server." It appears that Ortiz

maps a Ricoh multifunction printer ("MFP") to the claimed "data rendering device" and a user's wireless device to the claimed "wireless device," but there is no other hardware identified in the claim chart that could be the "server." *Id*. Conclusory recitations of claim language, like those included for each of the claim limitations in the claim chart, do not constitute "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 (stating a claim "requires more than labels and conclusions").

At best, Ortiz has circled a picture showing a rectangular box attached to a Ricoh MFP (identified by the blue box in the annotated figure below):



FAC at 5 (annotations added). The FAC lacks any explanation of what the rectangular box is alleged to be, whether it is a Ricoh device, whether it is under Ricoh's direction and control, or what purpose it serves related to Claim 1. *Id*. The FAC also includes an underlined sentence stating: "You can operate the machine from a mobile device to send data by e-mail or fax." *Id*. The underlined sentence is completely silent on the existence or use of a server in this function.

Even giving Ortiz the benefit of the doubt that the unidentified hardware shown in the screenshot (identified by the blue box in the annotated figure above), is the claimed "server," Ortiz has another problem. Claim 1 also recites "***memory in said server*** accessible by said DRD . . .." '285 Patent at cl. 1 (emphasis added). The claim chart includes a screenshot stating "You can store a document ***on the hard disk of the machine***." FAC at 5 (emphasis added). Here, "the machine" refers to a Ricoh MFP. But this is problematic for Ortiz because this alleged "memory" is in the alleged "data rendering device" ***not*** "in said server." This cannot be because then the Ricoh MFP would be ***both*** the claimed "server" and the claimed "data rendering device."

Moreover, no claim construction position can save Ortiz's infringement claim for this limitation. The plain and ordinary meaning of all terms in this limitation of claim 1 require that the memory ***is in the server*** and is accessible by the DRD, not that the memory is in the DRD. '285 Patent at cl. 1. Thus, resolution of Ricoh's challenge to the sufficiency of Ortiz's FAC is not dependent on the Court's claim construction process.

For at least these reasons, there is nothing in the FAC that plausibly states how any Ricoh MFP satisfies the claim limitations. As such, the direct infringement allegations should be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Ricoh respectfully requests that the Court grant its motion and dismiss Ortiz's claims in the FAC for lack of standing under Rule 12(b)(1) and for insufficiently pleading direct infringement of the '285 Patent under Rule 12(b)(6).

Respectfully submitted,

Dated: April 14, 2022

*/s/ Michael V. Solomita*

Michael V. Solomita (admitted *pro hac vice*)
New York Bar No. 2881308
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Tel: 212-408-5100
Fax: 212-318-3400
Email: michael.solomita@nortonrosefulbright.com

Valerie K. Barker
Texas Bar No. 24087141
Norton Rose Fulbright US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Tel: 512-536-3073
Fax: 512-536-4598
Email: valerie.barker@nortonrosefulbright.com

*Counsel for Defendant RICOH USA, INC.*

## CERTIFICATE OF SERVICE

I certify that on April 14, 2022, all counsel of record who are deemed to have consented to

electronic service are being served with a copy of this document via the Court's CM/ECF system.


*/s/  Michael V. Solomita*
Michael V. Solomita