IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ORTIZ & ASSOCIATES CONSULTING, LLC,** § § § | | |
| Plaintiff, § | | |
| § | NO. 6:21-CV-01178-ADA | |
| *v.* § | | |
| § | | |
| **RICOH USA, INC.,** § | | |
| Defendant. § § § | | |

### MEMORANDUM OPINION & ORDER DENYING IN PART AND GRANTING IN PART RICOH USA, INC.'S MOTION TO DISMISS FOR LACK OF STANDING AND FOR FAILURE TO STATE A CLAIM

Came on for consideration this date is Defendant Ricoh USA, Inc.'s Motion to Dismiss the First Amended Complaint for Lack of Standing and for Failure to State a Claim, filed April 14, 2022 (the Motion). ECF No. 18. Plaintiff Ortiz & Associates Consulting, LLC filed a response in opposition on April 28, to which Ricoh replied on May 5, 2022. ECF Nos. 20–21. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **DENIES** Ricoh's Motion as to standing in general, **GRANTS** Ricoh's Motion as to standing to sue for past damages before February 17, 2016, and **GRANTS** Ricoh's Motion as to failure to state a claim.

### I. BACKGROUND

Ortiz is a New Mexico Limited Liability Company with its principal place of business in Albuquerque, New Mexico. ECF No. 1 ¶ 1. Ricoh is a Delaware corporation with a regular and established place of business in Austin, Texas. *Id.* ¶ 2. According to Ortiz, "Ricoh sells and offers to sell products and services throughout Texas." *Id.*

On November 12, 2021, Ortiz initiated this suit against Ricoh claiming patent infringement of U.S. Patent No. 9,549,285 ('285 patent) by Ricoh, a patent for a "novel and improved system

1

for secure communication over a public network." ECF No. 1 ¶ 7. Initially, Ortiz alleged both direct and indirect infringement. ECF No. 1 ¶¶ 8, 10. The Complaint alleges that Ricoh "maintains, operates, and administers systems and servers" that infringe on the '285 patent "literally or under the doctrine of equivalents." *Id.* ¶ 8. The Complaint further alleges that Ricoh "has and continues to induce infringement" and "contributorily infringe" by "actively encourage[ing] or instruct[ing] others…on how to use its products and services such as to cause infringement…literally or under the doctrine of equivalents." *Id.* ¶¶ 10–11. The accused products include Ricoh IM C2000, IM C2500, IM C3000, IM C3500, IM C4500, IM C 5500, and IM C6000. *Id.* ¶ 9.

In response to the Complaint, Ricoh filed its first Motion to Dismiss for Lack of Standing and for Failure to State a Claim on February 24, 2022. ECF. No. 12. In the first Motion to Dismiss, Ricoh alleged that Ortiz lacked standing because it "was not the owner of the '285 Patent when it filed this lawsuit." *Id.* at 6. Further, Ricoh alleged that even if Ortiz had standing, its Complaint "fails to plausibly plead any cause of action for infringement because its claims . . . do not satisfy the *Iqbal/Twombly* standard." *Id.* at 7.

On March 31, 2022, Ortiz filed its Amended Complaint alleging only direct infringement. ECF No. 16 ¶ 8. Ricoh then filed its Motion to Dismiss the First Amended Complaint for Lack of Standing and for Failure to State a Claim on April 14, 2022. ECF. No. 18. Ricoh again alleged that Ortiz lacked standing as it was not the owner of the '285 patent at the inception of this lawsuit. Ricoh further alleged that Ortiz's Amended Complaint fails to plausibly plead a cause of action for direct infringement because its claim does not satisfy the *Iqbal/Twombly* standard. Ortiz filed its response in opposition on April 28, 2022, alleging that it was the owner of the '285 patent at the inception of this lawsuit via assignment and that it did sufficiently plead the direct infringement

2

claim due to the claim chart in the Amended Complaint, to which Ricoh replied on May 5, 2022. ECF Nos. 20–21.

## II. STANDING

### A.   Legal Standard

Standing to sue "is a threshold requirement in every federal action" and must be present upon initiation of the action. *Sicom Sys., Ltd. v. Agilent Tech., Inc.*, 427 F.3d 971–76 (Fed. Cir. 2005) (internal citations omitted). The plaintiff bears the burden of establishing standing. *Id.* To "assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (citing *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001)).

Under the Patent Act, a "patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281 (2006). The term patentee includes "not only the patentee to whom the patent was issued but also the successors in title to the patentee." *Id.* § 100(d). Where the patentee assigns all substantial rights under the patent, the assignee may have standing to sue for patent infringement in its own name. *Sicom Sys.*, 427 F.3d at 976. Thus, under the Patent Act, "the owner of a patent or the owner's assignee can commence an action for patent infringement." *Id.* (internal citations omitted).

### B.   Analysis

Ricoh alleges that at the time this lawsuit was filed, November 12, 2021, the '285 patent was assigned to Luis M. Ortiz, who is not a party to this suit. ECF No. 18. Ricoh relies on a public record that shows an assignment of the '285 patent on November 18, 2021, from Luis M. Ortiz to Ortiz. *Id.* In opposition, Ortiz relies on three pieces of evidence to prove it has standing: (1) a

parent application assignment; (2) the patent itself; and (3) a written and signed acknowledgment. ECF No. 20.

Under 35 U.S.C. § 152, a patent may issue to an assignee. 37 CFR § 3.81 governs the issuance of a patent to an assignee. It provides that an application may issue in the name of the assignee when (1) the assignment has been recorded with the United States Patent and Trademark Office (USPTO) and (2) a request for such issuance is submitted with payment of the issue fee. *Id*.

Here, Ortiz did both. The parent application assignment, filed on February 17, 2016, shows that inventor Luis M. Ortiz assigned "the entire and exclusive right, title, and interest in the ['285 patent] application" to Ortiz. ECF No. 20-2. Ortiz filed its 2016 assignment with the USPTO and requested for issuance to it, the assignee, with the payment of the issue fee. ECF Nos. 20-2, 17-1. Although Ricoh is correct that the issue fee form states that "completion of this form is NOT a substitute for filing an assignment" and USPTO regulations state that the submission of the issue fee form *alone* is insufficient to effect an assignment of a patent or patent application, the fee form is not alone here. ECF No. 17-1; 37 CFR 3.81. The 2016 assignment and the fee form allowed the USPTO to issue the '285 patent to Ortiz. Ortiz, as the assignee of the patent since 2016, has standing to sue.

Although Ricoh argues that the "additional, unexplained evidence" of the November 18, 2021, assignment of the '285 patent from inventor Luis M. Ortiz to Ortiz destroys Ortiz's claim that it is the continuous owner since the '285 patent's issue date, this argument fails. ECF No. 21. An assignment of patent rights is "a transfer by a party of all or part of its right, title, and interest in a patent [or] patent application." 37 CFR 3.1. Thus, the assignor must have legal title to the patent to effectuate an assignment. Here, inventor Luis M. Ortiz did not hold legal title to the '285 patent any time after February 17, 2016, the date he filed the parent application assignment. Thus,

4

the 2021 assignment did not effectuate a transfer of right, title, or interest. Ortiz, as the assignee of the patent, has standing to sue.

However, Ortiz lacks standing to sue for damages incurred prior to February 17, 2016, the date of the 2016 assignment. The 2016 assignment conveys

> the entire and exclusive right title and interest in the Application and the Invention(s), in and for the United States, its territories, and all foreign countries, including all applications, patents, design registrations and publications obtained or derived therefrom, worldwide, and all priority rights under all present or future conventions and treaties, any provisional applications for which priority is claimed In the Application, and any continuation and/or divisional applications filed hereinafter.

ECF No. 20-2. However, "an assignment of a patent does not ordinarily include the right to sue for past infringement" absent contractual language or intent. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005). In fact, courts have found that language like the 2016 assignment which assigned "the entire right, title and interest" was insufficient to transfer the right to sue for past damages. *Nano-Second Tech. Co. v. Bynaflex Int'l*, No. CV 10-9176 RSWL MANX, 2013 WL 1855828, at *5 (C.D. Cal. May 1, 2013). Thus, although Ortiz has standing to sue on the '285 patent, it does not have standing to sue for damages prior to the 2016 assignment.

### III. FAILURE TO STATE A CLAIM

#### A.     Legal Standard

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" to meet the factual plausibility standard. *Id.* However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the plausibility standard. *Id.*

However, the plaintiff "need not prove its case at the pleading state." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1339, 1350 (Fed. Cir. 2012) (internal citations omitted). The court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2019) (citing *Iqbal*, 556 U.S. at 678). Thus, the plaintiff "is not required to plead infringement on an element-by-element basis." *Bot M8 LLC. v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citing *Nalco*, 883 F.3d at 1350).

Rather, the court must conduct a flexible inquiry into "whether the factual allegations are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 1358. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The complaint must support its entitlement to relief with "factual content," not just conclusory allegations. *Bot M8*, 4 F.4th at 1353. Although the "level of detail required in any given case will vary," it "must be enough to raise a right to relief above the speculative level." *Id.* at 1353–54 (citing *Twombly*, 550 U.S. at 555).

### B. Analysis

Ricoh alleges that "even if Ortiz has standing [in this case,] its [First Amended Complaint] fails to plausibly plead a cause of action for direct infringement because its claim does not satisfy the *Iqbal/Twombly* standard." ECF No. 18. Specifically, Ricoh asserts that the only factual support Ortiz provides is a "threadbare claim chart, containing nothing more than screenshots…and conclusory statements." *Id.* According to Ricoh, Ortiz must, and has failed to, explain how Ricoh is alleged to have directly infringed the patent. *Id.* Ortiz responds by distinguishing itself from

cases relied upon by Ricoh, alleging that its chart does provide sufficient factual support, and emphasizing that claim construction is improper at this stage of litigation. ECF No. 20.

Liability for direct infringement arises when a party, without authorization, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). Further, the accused product must embody the complete patented invention to constitute direct infringement. *See Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 (Fed. Cir. 2000). To survive a Rule 12(b)(6) motion on a direct infringement claim, the plaintiff must plead facts that plausibly, not merely possibly, suggest that the accused product meets each limitation of the asserted claim(s). *LBT II, LLC. v. Uber Technologies, Inc.*, No. 6:21-CV-01210-ADA, 2022 WL 2329321 (W.D. Tex. June 28, 2022); *see Iqbal*, 556 U.S. at 678.

Ortiz's Amended Complaint fails to plausibly plead any cause of action. In Ortiz's Amended Complaint, Ortiz provided a chart that displays the claim language on one side and the accused product details on the other, accompanied by a brief description. ECF No. 16. However, Ortiz fails to identify an essential element in the claim chart—the server. *Id*. Ortiz's Amended Complaint lacks any explanation of the existence of a server despite the claim requiring "memory in said server accessibly by said [data rendering device]." ECF No. 16-1 at cl. 1. Without so much as identifying the existence of a server, Ortiz fails to plausibly suggest that the accused product meets each limitation of the asserted claim.

This conclusion does not require claim construction, as Ortiz argues. ECF No. 20. The plain and ordinary meaning of the claim requires a server to store the memory, which is accessible by the data rendering device. ECF No. 16-1 at cl. 1. Necessarily, the data rendering device cannot also be the server under the claim's language. Ortiz fails to establish the identity of the server in

its Amended Complaint or how one device could satisfy two separate claim limitations—the server and the data rendering device. Because no claim construction is required to determine that Ortiz fails to plausibly suggest the accused product meets each limitation of the asserted claim, Ortiz has failed to plead a cause of action and its claims should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Ricoh's Motion is **DENIED** as to standing in general, **GRANTED** as to standing to sue on past damages before February 17, 2016, and **GRANTED** as to failure to state a claim.

SIGNED this 11th day of April, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE